```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
EDWYNA W. BROOKS d/b/a EW BROOKS         :
BOOKS LLC,                               :
                                         :
        Plaintiff,                       :
                                         :    19-cv-1944(JSR)
              -v-                        :
                                         :    MEMORANDUM ORDER
DAMON ANTHONY DASH and POPPINGTON LLC    :
d/b/a DAME DASH STUDIOS,                 :
                                         :
        Defendants.                      :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Familiarity with the background to this copyright and trademark infringement case is here assumed. As relevant here, the Court held a three-day bench trial starting on January 21, 2020, and issued its Findings of Fact and Conclusions of Law on April 13, 2020. See ECF No. 71. Accordingly, the Clerk of the Court, on April 15, 2020, entered final judgment in favor of plaintiff Edwyna Brooks, and against defendants Damon Dash and Poppington LLC, jointly and severally, in the amount of $300,000.00, plus post-judgment interest at a rate of 0.22% per annum accruing from April 15, 2020.[1] See ECF No. 72. Subsequently, on May 5, 2020, defendants filed a notice of appeal to the U.S. Court of Appeals for the Second Circuit. See ECF No. 75.

---

[1] In addition, defendants were permanently enjoined from marketing, advertising, promoting, distributing, selling, or copying the film "Mafietta" without Brooks' consent.

Now before the Court is a motion of defendants for a discretionary stay of enforcement and execution of the final judgment without a bond or other security pursuant to Fed. R. Civ. P. 62(b). See ECF No. 76. Alternatively, defendants ask that, if that request is denied, the Court grant a two-week extension of the 30-day automatic stay under Fed. R. Civ. P. 62(a), so that defendants can secure a supersedeas bond to move for a stay pursuant to Fed. R. Civ. P. 62(b).[2] See Declaration in Support, ECF No. 76-1 ("Defendants Mem."), at 1 n.1. Plaintiff opposes the main request but does not address the alternative request to obtain a two-week extension. See Memorandum of Law in Opposition to Notice to Stay Execution, ECF No. 77. For the reasons set forth below, the Court denies the request to stay enforcement without posting any bond, but grants a two-week extension of the automatic stay.

Under Fed. R. Civ. P. 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." In addition, under Fed. R. Civ. P. 62(b), "a party may obtain a [further] stay by providing a bond or other security. The stay takes effect when

---

[2] As represented to the Court in their brief and during a joint telephonic conference held on May 13, 2020, defendants are currently endeavoring to secure a supersedeas bond in the amount of the judgment.

the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

The purpose of Fed. R. Civ. P. 62(b) is to ensure "that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." Cleveland Hair Clinic, Inc. v. Puig, 104 F.3d 123, 125 (7th Cir. 1997).[3] However, the Court "may, in its discretion, waive the bond requirement if the appellant provides an acceptable alternative means of securing the judgment." In re Nassau County Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam).

The Second Circuit adopted the following as non-exclusive factors for district courts to consider in determining whether to waive the supersedeas bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would

---

[3] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

>     place other creditors of the defendant in an insecure
>     position.

Id. at 417-18.

Here, with the possible exception of the second factor, all factors strongly weigh in favor of denying the request.

With respect to the first, third, fourth, and fifth factors, defendants argue that they can easily satisfy the judgment because Poppington LLC's annual net income exceeds the amount of the judgment and because Poppington LLC allegedly does not have any known secured creditors. See Defendants Mem. 3. But this statement is flatly contradicted by the representations the defendants have repeatedly made to the Court in the past half year that defendants – both Dash and Poppington LLC - have not had, and do not have, the means to pay even the mere $2,410.75 owed to plaintiff's counsel in deposition costs as previously ordered by the Court. See ECF Nos. 49, 57, 73. For example, Dash, on October 30, 2019, submitted a declaration under penalty of perjury under the laws of the United States and California explaining why both he and Poppington LLC could not afford to pay the $2,410.75. See ECF No. 58. In light of these prior representations, and defendants' continued nonpayment of even the $2,410.75, the Court has no confidence in defendants' ability (or willingness) to pay the judgment and is confident

that the collection process for plaintiff will be challenging and complex if the judgment is affirmed on appeal.

In sum, virtually all the relevant factors strongly favor denying the request under Fed. R. Civ. P. 62(b) for a discretionary stay of enforcement and execution of the final judgment without a bond or other security. However, while the Court is likewise skeptical that defendants will be able to obtain a supersedeas bond in the amount of the judgment, nevertheless, since plaintiff has not argued for denial of this request, the Court grants an extension of the automatic stay under Fed. R. Civ. P. 62(a) until May 29, 2020. No further extension will be granted, however, for any reason, and, if defendants wish to make a Fed. R. Civ. P. 62(b) motion for bond approval, they must make such a motion sufficiently prior to May 29, 2020 so that the Court can rule on the motion before the expiration of the stay on May 29, 2020.

The Clerk of the Court is directed to close the entry bearing docket number 76.

SO ORDERED.

Dated:   New York, NY
         May 16, 2020

_____
JED S. RAKOFF, U.S.D.J.