```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
EDWYNA W. BROOKS d/b/a EW Brooks      :
Books LLC,                            :
                                      :
           Plaintiff,                 :
                                      :      19-cv-1944 (JSR)
              -v-                     :
                                      :      MEMORANDUM ORDER
DAMON ANTHONY DASH and POPPINGTON LLC :
d/b/a DAMON DASH STUDIOS,             :
                                      :
           Defendants.                :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Familiarity with the general background to this case is here assumed. Now before the Court is the motion of plaintiff Edwyna W. Brooks to compel defendants Damon Anthony Dash ("Dash") and Poppington LLC d/b/a Dame Dash Studios ("Poppington" and collectively "defendants") to respond to and answer interrogatories and document requests. Dkt. No. 99. As relevant here, in April 2020, plaintiff secured a $300,000 judgment in this copyright action against defendants. In July 2020, to collect on that judgment, plaintiff served debtor interrogatories and document requests. Plaintiff now complains that the defendants "have failed to sufficiently respond to the debtor discovery." Plaintiff's Motion to Compel Debtor Discovery from the Defendants ("Pl. Mem."), Dkt. No. 99, at 2. Plaintiff also seeks attorneys' fee in connection with this motion.

Plaintiff has a number of complaints about the nature and quality of the defendants' responses. As discussed below, however, many of plaintiff's grievances, while perhaps legitimate, are not properly resolved through a motion to compel discovery. Accordingly, and as laid out in more detail below, plaintiff's motion is granted in part and denied in part.

First, plaintiff accuses the defendants of lying about their ownership in certain jewelry, cameras, and streaming contracts. Plaintiff's interrogatories asked the defendants to list all "television or streaming production agreements from March 2019 - present" and to list "all real property (home, leasing) intellectual property (films, streaming series, musical recordings, art work) or personal property (chairs, cameras, equipment) in which you have an interest." Pl. Mem. 4-6. Plaintiff contends that Dash owns an expensive camera, which he testified to owning at trial in January 2020, and that Dash owns a "Roc-a-Fella" gold necklace, a gold bracelet, and a men's Rolex watch, which Dash has posted pictures of himself wearing to social media over the past three years. Id. at 6. In addition, plaintiff argues that Poppington has contracts with numerous video streaming services, like Roku, Apple TV, etc., as is evident on its webpage. Id. at 4. And yet, plaintiff complains, defendants did not disclose ownership in any of these

things. Instead, defendants now affirm that they "do not own any interest in any equipment, gold necklace, gold bracelet, or Rolex watch." Declaration of Natraj S. Bhushan in Opposition ("Bhushan Decl."), Dkt. No. 102, at 3. As for the streaming contracts, defendants' lawyer, Mr. Bhushan, says "after consulting with Debtors in response to this motion, it appears that Debtors do not have any contracts with [the above-referenced video-streaming services], but do have nominal receivables. These records will be produced within one week from the date hereof." Id. In reply, Plaintiff contends that if Dash does not own the jewelry that he keeps posting about on social media, he "must be ordered to identify the owner." Id. at 7. The Court agrees with plaintiff and orders defendant Dash to submit an affidavit, by no later than November 9, 2020, clarifying his ownership in the above-mentioned items of jewelry.

Second, plaintiff effectively accuses the defendants of fraudulently conveying some of its assets to the Dash Group LLC, a non-party entity owned by Dash. Pl. Mem. at 3. She asks the Court to order defendants to "submit/identify its relationship relating to the assignment from Poppington to The Dash Group LLC." Id. Defendants, however, deny that any "assets or monies that have been assigned or transferred to third parties," including the Dash Group LLC. Id. In response, plaintiff

contends that defendants' statement is "patently false and designed to stonewall discovery." Id. Nevertheless, because defendants have already responded to plaintiff's interrogatory, the Court denies plaintiff's request to order defendants to do so again. To the extent plaintiff seeks relief over any alleged fraudulent conveyance, the proper approach would be to commence such an action -- not to compel discovery.

Finally, plaintiff argues that defendants have failed to produce certain documents. These are proper disputes for a motion to compel discovery, and the Court addresses them in turn.

Plaintiff complains that defendants have failed to adequately reply to Document Request One, which seeks "[a]ll documents . . . regarding any domestic or foreign bank or other financial account, regardless of how such account is titled, over which you had signatory authority or other such control at any time during the period from March 2019 to present." Dkt. No. 101-4. She argues that defendants have failed to provide a copy of the bank records for the Dash Group LLC. Pl. Mem. at 9. Defendants respond, however, that "[n]either Debtor has any signatory authority over the Dash Group, LLC." Id. If neither defendant has signatory authority over the Dash Group (or other "such control"), then the records for those accounts fall

outside the scope of the document request. Again, to the extent plaintiff is alleging some sort of foul play, she should address those issues directly, not through a discovery motion.

Next, plaintiff argues that Poppington has failed to provide copies of monthly telephone bills, rents, rentals, salaries, disbursements, payroll etc., pursuant to Document Request 10. Pl. Mem. at 9. The defendants respond that they timely objected to the requests as overbroad. Bhushan Decl. at 4. As for the payroll record, the defendants contend that Poppington has none. Id. The Court holds that plaintiff's request for copies of all monthly telephone bills, rents, rentals, salaries, and disbursements is overbroad, and denies plaintiff's request for their production.

Plaintiff also argues that defendants have failed to produce their tax returns. Pl. Mem. at 9. The defendants contend that the 2018 returns were provided in an earlier production in a zip folder attachment. Bhushan Decl. at 4. Plaintiff points out, however, that the folder is password-protected, and the defendants have failed to provide the password. The Court orders defendants to provide to plaintiff the password to the already-provided zip folder containing the tax returns by no later than November 9, 2020.

Plaintiff's remaining issues -- regarding bank statements, Form 1099s, and Form W-2s -- are largely moot because defendants have since agreed to produce these documents. See generally Bhushan Decl. In her reply papers, however, plaintiff identities three sets of outstanding documents: (1) the bank statements of Poppington LLC (account x7151) for April 2019 through December 2019 and for May 2020; (2) the bank statements for Poppington LLC (account x1287) for April 2019 through December 2019 and for March 2020; and (3) certain 1099 and w-2 documents. Reply at 2. To the extent these have not yet been produced, defendants are ordered to produce them by no later than November 9, 2020.

Finally, plaintiff's request for attorneys' fees in connection with this motion is denied. Frustrated though she may be in her efforts to collect on her judgment, she has not made the requisite showing of bad faith to justify an award of attorneys' fees. See Hall v. Cole, 412 U.S. 1, 5 (1973). The Clerk is directed to close the entry at docket number 99.

SO ORDERED.

Dated:  New York, NY
        November 4, 2020

                                        _____
                                        JED S. RAKOFF, U.S.D.J.