```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
EDWYNA W. BROOKS d/b/a EW BROOKS     :
BOOKS, LLC,                          :    19-cv-1944 (JSR)
                                     :
                                     :
         Plaintiff,                  :    MEMORANDUM ORDER
                                     :
            -v-                      :
                                     :
DAMON ANTHONY DASH and POPPINGTON    :
LLC d/b/a DAMON DASH STUDIOS,        :
                                     :
         Defendants.                 :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

Before the Court is the motion of plaintiff Edwyna W. Brooks d/b/a EW Brooks Books LLC ("Brooks") seeking to hold defendants Damon Anthony Dash ("Dash") and Poppington LLC d/b/a Dame Dash Studios ("Poppington") in contempt for violating a permanent injunction issued by this Court on April 14, 2020. Dkt. No. 106. Also before the Court is the cross-motion of defendants seeking sanctions in connection with Brooks' contempt motion. Dkt. No. 107. For the reasons set forth below, both motions are denied.

I. Background

By way of brief background, this copyright and trademark infringement action concerns the film Mafietta, which is adapted from a book series of the same name. See Findings of Fact and Conclusions of Law dated April 14, 2020, Dkt. No. 71, at 1. Brooks

is the author of the Mafietta book series, and defendant Dash is a movie and music producer and the Chief Executive Officer of defendant Poppington. Id. In July 2015, Brooks and Dash started working together to produce a film version of Mafietta, but the relationship fell apart and Brooks paid for the film's production herself. Id. at 1, 5. In 2019, after defendants started marketing and selling the film without Brooks' consent, she brought the instant action. On April 13, 2020, following a bench trial, the Court issued findings of fact and conclusions of law granting judgment in favor of Brooks on her copyright infringement claim, awarding Brooks $300,000 in total damages, and issuing a permanent injunction prohibiting defendants from "marketing, advertising, promoting, distributing, selling, or copying the film without Brooks' consent." Id. at 20-21.[1]

Twelve days after the injunction issued, non-party Raquel Horn registered a still photograph from the production of Mafietta with the United States Copyright Office. See Dkt. No. 106-2. Horn, who is a member of Poppington, worked on the set of Mafietta, where she allegedly took the now-registered photograph. See Motion for Contempt ("Pl. Mem."), Dkt. No. 106, at 2. She has since allegedly

---

[1] The Court granted summary judgment in favor of Brooks with respect to her trademark infringement claims before trial. Dkt. No. 50.

assigned the photograph to Poppington. Id. at 3. Brooks now seeks to hold Dash and Poppington in contempt and also seeks "the return of all photographs or intellectual property in the possession of Poppington or Horn that relates to the production of Mafietta." Id.

Meanwhile, the photograph in question appears on the cover of one of Brooks' books. See Dkt. No. 107-1. Believing that she is the rightful owner of the photograph, Horn sued Brooks for copyright infringement on October 15, 2020, and that action is currently pending in this District before Judge Nathan. See Poppington LLC, et al. v. Edwyna Brooks, et al., Dkt. No. 20-cv-8616.

II.  Discussion

   A. Brooks' Motion for Contempt

"[A] district court's contempt power is narrowly circumscribed." Gucci America, Inc. v. Weixing Li, 768 F.3d 122, 142 (2d Cir. 2014). To warrant contempt, the moving party must show "that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Id. "The longstanding, salutary rule in contempt cases is that ambiguities and omissions in orders redound to the benefit of the person charged with contempt." Id. at 143. Here, Brooks seeks to hold Dash and Poppington in contempt for violating the Court's injunction that prohibits them from

"marketing, advertising, promoting, distributing, selling, or copying the film without Brooks' consent."

There are at least two defects in Brooks' motion. The first is that Horn -- who registered the photograph -- is not a party to this action and is not bound by the Court's injunction. Brooks seems to assume that because Horn is a member of Poppington, her actions could be imputed both to Dash, the other member of Poppington, and to Poppington itself. Brooks, however, offers no support for this proposition, and the Court will not find either defendant in contempt for the actions of Horn. The second defect is that the Court's injunction forbids the defendants from "marketing, advertising, promoting, distributing, selling, or copying <u>the film</u>." Brooks suggests that, under copyright law, the photograph is derivative of the film and therefore belongs to her. The merits of that contention will presumably be addressed in the copyright action pending before Judge Nathan. For the purposes of this contempt motion, however, the Court finds that the injunction does not clearly and unambiguously cover photographs that were taken in connection with the film. Brooks' motion is therefore denied.

    B. <u>Defendants' Motion for Sanctions</u>

Defendants ask not only that the Court deny Brooks' motion, but also that the Court impose sanctions on her and her counsel for

bringing it. Declaration of Natraj S. Bhushan ("Bhushan Decl."), Dkt. No. 107, at 6. Specifically, defendants request that the Court award $1,200 in attorneys' fees incurred in connection with this motion, representing four hours of work at a billable hourly rate of $300. Id. at 7.

Under Federal Rule of Civil Procedure 11, a court may impose sanctions on an attorney for "among other things, misrepresenting facts or making frivolous legal arguments. Muhammad v. Walmart Stores East, L.P., 732 F.3d 104, 108 (2d Cir. 2013) (per curiam). Where, as here, opposing counsel initiates sanctions proceedings, "opposing counsel must serve a notice of the sanctions claim on the accused attorney 21 days before moving for sanctions to give an opportunity to correct the asserted misconduct." Id. "For sanctions issued pursuant to a motion by opposing counsel, courts have long held that an attorney could be sanctioned for conduct that was objectively unreasonable." Id.

In addition, 28 U.S.C. § 1927 allows a court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "To impose sanctions under [§ 1927], a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith -- that

is, motivated by improper purposes such as harassment or delay." Huebner v. Midland Credit Management, Inc., 897 F.3d 42, 55 (2d Cir. 2018). "A court may infer bad faith when a party undertakes frivolous actions that are completely without merit." Id. (internal quotation marks omitted).

In opposing defendants' motion, Brooks correctly points out that defendants have not followed Rule 11's 21-day safe harbor provision. Reply Memorandum for Contempt, Dkt. No. 108, at 5-6. She also insists that her contempt motion was, in any event, brought in good faith and with factual support. Id. at 6. And she asks the Court to sanction defendants for their "frivolous" sanctions motion. Id.

Both requests for sanctions are denied. While Brooks' motion for contempt is utterly without merit, it is not "utterly lacking in support." In Re Highgate Equities, Ltd., 279 F.3d 148, 155-56 (2d Cir. 2002). And, given that Brooks' motion is lacking in merit, the Court sees no reason to sanction defendants for seeking sanctions.

The Clerk of the Court is directed to close the entries at docket numbers 106 and 107.

SO ORDERED.

Dated: New York, NY
January 7, 2021

_____
United States District Judge